UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VILCE J. RAUDEZ MEJIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC. d/b/a UPS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO (1) COMPEL ARBITRATION AND (2) STAY PENDING ARBITRATION (DOC. NO. 7)**<br><br>Case No. 2:24-cv-00246<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Vilce J. Raudez Mejia, proceeding without an attorney, filed this action against Defendant United Parcel Service, Inc. d/b/a UPS, alleging UPS lost important documents he shipped using UPS's services.[1] Specifically, Mr. Raudez Mejia claims UPS lost the passport, birth certificate, and power of attorney he shipped to his native country to renew his passport.[2] He asserts that as a result of losing the documents, he is now living in the United States as an undocumented immigrant.[3] Mr. Raudez Mejia seeks $30 million in damages, alleging the situation has caused him severe stress, worry, and nervousness.[4]

---

[1] (*See* Compl., Doc. No. 1 at 3.)

[2] (*Id.*)

[3] (*Id.*)

[4] (*Id.* at 5.)

1

On May 8, 2024, UPS filed a motion to compel arbitration and to stay this case pending arbitration, arguing UPS's Terms and Conditions of Service contain a binding arbitration agreement.[5]  Mr. Raudez Mejia did not respond to the motion.  Because the arbitration clause is unambiguous and the dispute falls within the scope of the agreement, UPS's motion is granted.

## LEGAL STANDARDS

"Federal courts have a liberal federal policy favoring arbitration agreements."[6] But "[d]etermining whether to compel claims to arbitration is a two-step inquiry.  First, the court must determine whether a valid agreement to arbitrate exists."[7]  Second, the court must determine whether the dispute in question falls within the scope of that agreement.[8]  "If the arbitration clause is clear, [the] inquiry is over, but if the arbitration clause is ambiguous about whether it covers the dispute, [courts] apply a rebuttable presumption of arbitrability."[9]  Finally, when a court enforces an arbitration clause, it must stay the case pending the arbitration, upon request.[10]

---

[5] (Def. United Parcel Serv., Inc.'s Mot. To 1) Compel Arb. and 2) Stay Pending Arb. ("Mot."), Doc. No. 7.)

[6] *Reeves v. Enter. Prods. Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021) (internal quotation marks omitted).

[7] *Carter v. C.R. Eng., Inc.*, No. 2:21-cv-00102, 2021 U.S. Dist. LEXIS 87454, at *4 (D. Utah May 5, 2021) (unpublished) (citing *Soc'y of Prof'l Eng'g Emps. in Aerospace, Local 2001 v. Spirit Aerosystems, Inc.*, 681 F. App'x 717, 721 (10th Cir. 2017) (unpublished)).

[8] *See Spirit Aerosystems, Inc.*, 681 F. App'x at 721.

[9] *Id.*

[10] 9 U.S.C. § 3.

Because Mr. Raudez Mejia proceeds pro se, his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12] For instance, the court "will not . . . construct a legal theory on a plaintiff's behalf."[13]

## ANALYSIS

As noted above, UPS moves to compel arbitration pursuant to the binding arbitration agreement in UPS's shipping contract, and to stay this case pending the outcome of that arbitration. Specifically, UPS argues Mr. Raudez Mejia's shipment, like every UPS shipment, is subject to the "UPS Tariff/Terms and Conditions of Service."[14] UPS asserts that by shipping his documents with UPS, Mr. Raudez Mejia necessarily agreed to the UPS Terms and Conditions in place at the time, which included the arbitration agreement.[15] The arbitration clause states:

> Claimant and UPS agree that, except for disputes that qualify for state courts of limited jurisdiction . . . any controversy or claim, whether at law or equity, arising out of or related to the provision of services by UPS, regardless of the date of accrual of such dispute, shall be resolved in its entirety by . . . binding arbitration.[16]

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[13] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[14] (Mot. 2, Doc. No. 7.)

[15] (*Id.* at 2–3.)

[16] (Ex. A to Mot., 2024 UPS Tariff/Terms & Conditions of Serv. 29, Doc. No. 7-1.)

"Claimant" is defined as anyone who asserts "any claim in any forum for legal or equitable relief . . . arising out of or related to the provision of services by UPS."[17]

UPS further argues The Federal Arbitration Act[18] mandates that arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[19] UPS contends Mr. Raudez Mejia subjected himself to the arbitration clause in the UPS Terms and Conditions by entering into a contract to ship his documents internationally.[20]

UPS's motion to compel arbitration is granted. First, the arbitration agreement appears enforceable on its face; Mr. Raudez Mejia has not argued otherwise or identified any reason it should not be enforced. Next, the dispute at issue in this case falls within the scope of the arbitration agreement. The arbitration clause applies to "any controversy or claim . . . arising out of or related to the provision of services by UPS."[21] Mr. Raudez Mejia claims UPS lost his documents when he used UPS's services to ship them.[22] Accordingly, Mr. Raudez Mejia's claim falls squarely within the

---

[17] (*Id.* at 4.)

[18] 9 U.S.C. §§ 1–402.

[19] 9 U.S.C. § 2.

[20] (*See* Mot. 4–5, Doc. No. 7.)

[21] (Ex. A to Mot., 2024 UPS Tariff/Terms & Conditions of Serv. 29, Doc. No. 7-11.)

[22] (*See* Mot. 4–5, Doc. No. 7.)

scope of the agreement—meaning "the inquiry is over"[23] and Mr. Raudez Mejia is bound by the arbitration agreement.

## CONCLUSION

Because Mr. Raudez Mejia's claim is subject to a binding arbitration agreement and falls within the scope of that agreement, UPS's motion to compel arbitration[24] is granted. This case is stayed pending the outcome of the arbitration. The parties are ordered to file status reports every 120 days updating the court as to whether the arbitration proceedings are complete, with the first report due on November 20, 2024.

DATED this 23rd day of July, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[23] *Spirit Aerosystems, Inc.*, 681 F. App'x at 721.

[24] (Doc. No. 7.)